## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE F. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACEY DYER, Manager; JACKIE WATKINS, Assistant Manager; and EBONY TOLLIVER, Community Assistant,<br><br>    Defendants. | Civil Action No. 24-1718<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |
| YVONNE F. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>ARBOR MANAGEMENT.COM,<br><br>    Defendant. | Civil Action No. 25-63<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

Presently before the Court is a Report and Recommendation ("R&R") entered by Magistrate Judge Maureen P. Kelly in each of the above-captioned matters on February 7, 2025. (Civ. Action No. 24-1718 ("Brown I"), Docket No. 7; Civ. Action No. 25-63 ("Brown II"), Docket No. 4). The two R&Rs, which are essentially identical, recommend that the complaints in these separately filed, but related, matters be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. (Brown I Docket No. 7 at 2, 6; Brown II Docket No. 4 at 2, 6). Service of the R&Rs was made on *pro se* Plaintiff Yvonne F. Brown ("Plaintiff") via U.S. Mail, and she was informed that any objections to same

1

by unregistered CM/ECF users were due by February 24, 2025.[1]  (Brown I Docket No. 7 at 6-7; Brown II Docket No. 4 at 6-7; and Docket text entries).  Thereafter, Plaintiff did not file any objections to the R&Rs.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Plaintiff did not file any objections to the R&Rs, which explicitly stated that failure to file timely objections "will waive the right to appeal" (Brown I Docket No. 7 at 6; Brown II Docket No. 4 at 6), we review the magistrate judge's decision for plain error.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

Here, in Brown II, upon careful review of the R&R, Plaintiff's Complaint (Brown II Docket No. 3), and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation.  As such, in Brown II, the Court will adopt the R&R as the Opinion of the Court, and will dismiss Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, as set forth more

---

[1] The Court notes that the Brown I R&R was returned by U.S. mail to the Court as "RTS Unable to Forward." The Brown II R&R, however, was not similarly returned to the Court.  The R&Rs, which are essentially identical, recommend dismissal of both cases.  Additionally, both R&Rs indicate that written objections were due within seventeen days for unregistered CM/ECF users, and advise that the failure to file objections would waive the right to appeal.  (Brown I Docket No. 7 at 6; Brown II Docket No. 4 at 6).

fully in the R&R.  In Brown I, upon careful review of the R&R, Plaintiff's Complaint (Brown I Docket No. 4), and the entire record, the Court will accept Judge Kelly's recommendation with one small modification.  As such, in Brown I, the Court will adopt the R&R as the Opinion of the Court, as modified herein, and the Court will dismiss Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

In so ruling on the Brown I R&R, the Court only disagrees with Judge Kelly's construal of Plaintiff's "Motion to Amend" as an "Amended Complaint."  (Brown I Docket No. 6).  Rather, the Court regards such filing as a motion to amend the Complaint, since Plaintiff entitled the document "Motion to Amend" and indicated therein that she was requesting to amend the claim to add a claim of discrimination.  (*Id.*).  Because the Court disagrees with the Brown I R&R to the extent it construes the Motion to Amend as an Amended Complaint, the Court does not adopt that R&R to the extent it is based on the Motion to Amend constituting a supplement to the Complaint rather than a request to submit supplementation.  Accordingly, the Court considers the Brown I Complaint (Brown I Docket No. 4) to be the operative complaint in that matter, and the Court adopts the Brown I R&R to the extent it is based on the Brown I Complaint, without consideration of the Motion to Amend since it is not a pleading.

Aside from that minor issue, the Court agrees with Judge Kelly's recommendations as to the Complaints in both Brown I and Brown II.  Specifically, the Court agrees with Judge Kelly that, although Watkins and Tolliver are named as defendants in Brown I, and although Arbor is named as a defendant in Brown II, the Complaints in the respective matters fail to allege any facts related to such defendants, and the Complaints should therefore be dismissed against these parties for failure to state claims against them on which relief may be granted.  (Brown I Docket No. 7 at

4; Brown II Docket No. 4 at 4). The Court also agrees with Judge Kelly that Plaintiff's claims against defendant Dyer in Brown I contain a litany of legal conclusions without factual support sufficient to place Dyer (or the Court) on notice of the basis of the claims asserted against her. (Brown I Docket No. 7 at 4-5; Brown II Docket No. 4 at 4-5). Thus, the Court agrees with Judge Kelly that Plaintiff has not stated a claim that crosses the line from conceivable to plausible in order to proceed because the alleged facts, as they are presently pled, simply do not support claims under federal law. (Brown I Docket No. 7 at 5-6; Brown II Docket No. 4 at 5-6). Additionally, the Court agrees with Judge Kelly that Plaintiff may be able to cure the identified deficiencies in the Brown I and Brown II Complaints, so those Complaints will be dismissed without prejudice and Plaintiff will be granted leave to file an amended complaint in each matter. (Brown I Docket No. 7 at 6; Brown Docket No. 4 at 6).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 17th day of March, 2025,

IT IS HEREBY ORDERED that the Brown I R&R (Brown I Docket No. 7), as MODIFIED herein, is ADOPTED as the Opinion of the Court in Brown I.

IT IS FURTHER ORDERED that the Brown II R&R (Brown II Docket No. 4) is ADOPTED as the Opinion of the Court in Brown II.

IT IS FURTHER ORDERED that, for the reasons set forth herein and in the R&Rs, the claims alleged by Plaintiff in her Complaints in Brown I and Brown II are DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Accordingly, if Plaintiff wishes to file an Amended Complaint in Brown I and/or Brown II to correct the substantial pleading deficiencies identified in the R&Rs, she shall do so in each case, in a pleading that fully alleges every claim she wishes to pursue and that stands by itself without reference to the original Complaint filed in each matter, by **April 7, 2025**.  If Plaintiff does not file an Amended Complaint in accordance with this Memorandum Order in Brown I or Brown II by **April 7, 2025**, then her claims in that case will be **dismissed with prejudice**.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:		Yvonne F. Brown (via U.S. Mail)